UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE ALFARO<br><br>  Plaintiff,<br><br>v.<br><br>JASON DANIEL GANDY<br><br>  Defendant. | Civil Action No. _____<br><br>(Jury Trial Demanded) |

## COMPLAINT

Mr. Jose Alfaro, by and through counsel, alleges as follows:

1. Defendant Jason Daniel Gandy ("Defendant") trafficked Plaintiff Jose Lewis Alfaro, Jr. ("Mr. Alfaro") to Houston, Texas and Austin, Texas for the purpose of engaging in commercial sex acts. In 2008, Defendant enticed Mr. Alfaro to live with him for the purpose of performing commercial sex acts as part of Defendant's massage therapy business, knowing that Mr. Alfaro was a minor. Defendant caused Mr. Alfaro, approximately seventeen years of age at the time of the criminal acts and violations that are the subject of this Complaint, to engage in commercial sex acts.

2. Defendant took advantage of Mr. Alfaro's vulnerabilities based on his status as a youth who had been rejected by his family after revealing his sexual orientation and who was experiencing secondary homelessness. Defendant did so in order to profit from Mr. Alfaro through commercial sex under the guise of a massage therapy business.

3. Mr. Alfaro is a survivor of human trafficking, as defined by the Victims of Trafficking and Violence Protection Act of 2000 ("TVPA"). Mr. Alfaro seeks justice and damages for the sexual abuse, trafficking, and emotional injuries he suffered at Defendant's hands.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1595(a), as this case presents a federal question arising under the Trafficking Victims Protection Act. Personal jurisdiction is proper because acts giving rise to these claims were done in Texas in this District and Defendant currently resides in this District.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because events giving rise to the claim occurred in Navasota, Grimes County, and Houston, Harris County, Texas, which are in this District. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides at the federal detention center in Houston, Harris County, Texas, which is within this District.

## PARTIES

6. Plaintiff Mr. Jose Lewis Alfaro, Jr. is a 27-year old citizen of Massachusetts. At the time of the events giving rise to his legal claims, Mr. Alfaro was a minor residing in Navasota, then Houston, and later Austin, Texas.

7. Defendant Jason Daniel Gandy is a 40-year-old citizen of the United States. At the time of the trafficking, upon information and belief, Defendant resided in Austin, Texas.

8. Upon information and belief, Defendant is currently incarcerated at the Federal Detention Center in Houston, Texas.

## FACTUAL ALLEGATIONS

### Recruitment and Trafficking

9. In 2007, around the age of sixteen, Mr. Alfaro was a junior in high school living with his family in Navasota, Texas. Mr. Alfaro had been taking Advanced Placement classes for college credit. He was in the choir and played sports.

10. Around Spring 2007, Mr. Alfaro revealed his sexual orientation to his parents, who were not accepting. Mr. Alfaro's parents told him that he needed medical help because he was not "thinking right."

11. The relationship between Mr. Alfaro and his parents deteriorated over the next year because of Mr. Alfaro's parents' lack of support. Late in the summer of 2008, Mr. Alfaro and his father had an altercation, resulting in Mr. Alfaro being thrown out of the house.

12. Around this time, Defendant and Mr. Alfaro began communicating via the Internet. Defendant, then approximately thirty-one years of age, expressed sympathy for Mr. Alfaro and offered Mr. Alfaro a place to stay in what Defendant described as a nine-bedroom house in Austin. Defendant offered to pick up Mr. Alfaro in Navasota.

13. After speaking with Defendant on the phone for around an hour, Mr. Alfaro believed that Defendant was wealthy and was his friend. Mr. Alfaro trusted Defendant.

14. Mr. Alfaro agreed to meet Defendant at a gas station in Navasota. Defendant and a friend picked up Mr. Alfaro and drove him to Houston, to what Defendant described as a friend's apartment.

### Exploitation in Houston

15. After arriving in Houston, Defendant told Mr. Alfaro that he was a massage therapist. Defendant told Mr. Alfaro that he wanted Mr. Alfaro to participate in massage sessions.

Case 4:18-cv-01761   Document 1   Filed in TXSD on 05/29/18   Page 4 of 8

Defendant posted a shirtless picture of Mr. Alfaro on the classified advertisements website "craigslist," where Defendant advertised "massage therapy services."

16. Under the guise of providing "massage therapy services," Defendant had Mr. Alfaro engage in sexual massage sessions with clients in Houston.

17. Defendant told Mr. Alfaro to tell clients that he was over 18 years old and that he was in training as a massage therapist.

18. Each morning when Defendant's friend left for work, massage clients would arrive at the apartment. Defendant would have clients lie face down, wearing only underwear or naked. Defendant undressed and had Mr. Alfaro undress as well. Defendant instructed Mr. Alfaro to allow clients to fondle him or give him oral sex. Defendant charged clients an additional fee for Mr. Alfaro's involvement in the "massage."

19. Mr. Alfaro was scared, but because he was on his own and homeless after the altercation with his father, he had no choice but to abide by Defendant's enticements and coercion.

**Exploitation in Austin**

20. Later, Defendant took Mr. Alfaro to Austin, Texas to a house Defendant claimed to own located at 2320 Truxillo St., Austin, TX 77004.

21. In Houston and in Austin, Defendant strictly controlled Mr. Alfaro's diet and exercise. Defendant had Mr. Alfaro exercise twice daily and Mr. Alfaro was provided a schedule of foods to consume. Mr. Alfaro was not permitted to eat any unhealthy foods. Defendant also had Mr. Alfaro sleep with him in his bed.

22. Defendant continued his "massage therapy services" at his residence in Austin and had Mr. Alfaro engage in commercial sexual massage sessions with clients.

23. In one incident, Defendant told Mr. Alfaro that a massage client paid additional money to massage Mr. Alfaro. Defendant had Mr. Alfaro undress and lay down on the massage table, and then left Mr. Alfaro alone with the client. The client engaged in anal sex with Mr. Alfaro. When Defendant came back into the room, Mr. Alfaro was traumatized and crying. Defendant told Mr. Alfaro that it was "no big deal" and that he had "done a good job."

24. Following the rape, Mr. Alfaro began loathing himself. He felt disgusting and degraded.

25. Mr. Alfaro also began feeling more uncomfortable about Defendant. For example, Mr. Alfaro was disturbed by Defendant's descriptions of his trips to Bali and Indonesia. Defendant told Mr. Alfaro that in Indonesia, children "would do whatever you want" for a dollar. Mr. Alfaro understood Defendant to be referring to sexual exploitation of children. Defendant expressed a desire to move to Indonesia and open a gym or spa. Defendant attempted to convince Mr. Alfaro to accompany him to Indonesia.

26. In late 2008, Mr. Alfaro found photos on Defendant's laptop depicting child pornography, including photos in which Defendant was a participant with young children.

27. Upon this discovery, Mr. Alfaro was very scared and managed to contact a friend and disclose the situation. Mr. Alfaro did not have access to transportation, but arranged for the friend to pick him up from Defendant's residence. Mr. Alfaro left Defendant's residence in secret, scared that Defendant would prevent him from leaving.

**Defendant's Arrest and Criminal Indictment**

28. On July 21, 2012, upon information and belief, Defendant Jason Daniel Gandy was charged with violation of 18 U.S.C. § 2423(a), related to the trafficking of a 15-year-old male to the United Kingdom (U.K.). *See* Exhibit 1.

29. On July 19, 2012, upon information and belief, Defendant was detained by United Kingdom Immigration (UKI) officials after arriving at Heathrow International Airport with a 15-year-old male subject. UKI officials made arrangements for Defendant and the 15-year-old male to return to the United States.

30. Upon return to Bush International Airport in Houston, Texas, Defendant and the 15-year-old male victim were interviewed by Homeland Security Investigations (HSI) agents. Upon information and belief, during these interviews, the 15-year-old victim confirmed that while staying with Defendant in Texas, Defendant had him engage in commercial sex acts under the guise of providing massage therapy services. Upon information and belief, Defendant admitted that he hoped to establish a similar massage therapy business in the U.K.

31. Upon information and belief, Defendant was indicted on September 17, 2014, for knowingly transporting a minor from Texas to the U.K. with the intent that the victim engage in prostitution and other sexual activity. Defendant was also indicted for charges relating to the creation and transportation of child pornography. *See* Exhibit 2.

32. Upon information and belief, Defendant remains in custody awaiting trial on these indictments.

33. As part of the investigation, HSI publicized requests for information about additional victims of Defendant. Mr. Alfaro heard about Defendant's arrest and prosecution from a friend who forwarded him the news story. Mr. Alfaro then conveyed the story of his exploitation at the hands of Defendant to HSI.

**Long-Term Emotional Harm Suffered by Mr. Alfaro**

34. Mr. Alfaro experienced severe emotional and psychological pain because of his exploitation by Defendant. Mr. Alfaro has experienced, and continues to experience symptoms of post-traumatic stress, anxiety, panic attacks, and depression.

35. At the time of the trafficking and abuse, Mr. Alfaro was distraught and did not recognize his experience as abuse or report it to authorities. Mr. Alfaro felt lost, upset, and cried often. Mr. Alfaro avoided all thoughts and feelings related to his exploitation by Defendant.

36. Upon disclosing his exploitation by Defendant to HSI, Mr. Alfaro has experienced intense feelings of fear, panic, hopelessness, anger, shame, and alienation from others.

## FIRST CLAIM FOR RELIEF

**Sex Trafficking of Children in Violation of the Trafficking Victims Protection Act of 2000, 18 U.S.C. §§ 1591, 1595**

37. Mr. Alfaro realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38. At least by recruiting, enticing, harboring, and transporting Mr. Alfaro from Navasota to Houston and Austin, Texas, knowing that Mr. Alfaro was under the age of 18 and for the purpose of exploiting Mr. Alfaro, Defendant engaged in trafficking of Mr. Alfaro in violation of 18 U.S.C. § 1591(a).

39. Mr. Alfaro is permitted to bring a civil cause of action under 18 U.S.C. § 1595.

40. As a direct and proximate result of Defendant's actions, Mr. Alfaro has sustained damages including emotional distress and economic losses.

41. Plaintiff is therefore entitled to recover actual, punitive and exemplary damages in an amount to be proven at trial, including attorneys' fees and other relief that the Court may deem proper.

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted as follows:

(a) Money damages for each claim for relief;

(b) Punitive and exemplary damages according to proof;

(c) Attorneys' fees and costs for Plaintiff against the Defendant; and

(d) Such other further relief as the Court may deem just and proper.

Plaintiff demands a trial by jury.

Dated:  May 29, 2018

Respectfully submitted,

By:  */s/ Danielle J. Healey*
Danielle Joy Healey
TX Bar #09327980
healey@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street
Suite 2800
Houston, TX  77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

Andrew R. Kopsidas
(*pro hac vice* to be submitted)
DC Bar #476237
kopsidas@fr.com
Bethany Mihalik
(*pro hac vice* to be submitted)
MN Bar #0396611
mihalik@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W.
Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

*Attorneys for Plaintiff Jose Alfaro*