UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE LEWIS ALFARO, JR. | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | No. 4:18-cv-1761 |
| | § | (Hon. Gray H. Miller) |
| | § | |
| JASON DANIEL GANDY, | § | |
| *Defendant* | § | |

**UNOPPOSED MOTION FOR LEAVE TO FILE LATE ANSWER
DUE TO EXCUSABLE NEGLECT**

COMES NOW JASON DANIEL GANDY, DEFENDANT, through Counsel Sean Buckley, and files this Motion for Leave to File Late Answer due to Excusable Neglect, showing the Honorable Court as follows:

**1.     Defendant's answer was due two days ago, on Friday, July 6, 2018.**

Plaintiff served Defendant with his Original Complaint on June 5, 2018. Defendant's answer was due two days ago, on Friday, July 6, 2018.  Defendant's failure to timely file an Answer was due to a combination of factors including:

   a.     Defendant is a pretrial detainee residing in the Federal Detention Center in Houston, which has impacted Defendant's ability to communicate with undersigned counsel about this lawsuit;

   b.     In the course of Defendant's communication with undersigned counsel about this lawsuit, undersigned misunderstood the date on which Defendant was actually served with Plaintiff's Complaint.  As a result of this misunderstanding, undersigned mistakenly believed Defendant's Answer

1

was due tomorrow (Monday, July 9, 2018).  To the extent further diligence should have been exercised to determine the correct Answer date, that failure was the fault of undersigned, not Defendant;

c.    Defendant and undersigned are scheduled to begin a criminal jury trial on July 16, 2018 in front of the Hon. Lee H. Rosenthal[1] (for reference, some of the allegations in that criminal case also form the basis of Plaintiff's Complaint herein).  If convicted in the criminal case, Defendant faces a punishment range of up to Life in prison.  During the past weeks—and including the time Defendant was served with the Plaintiff's Complaint—Defendant and undersigned have been preoccupied with preparing Defendant's criminal case for trial.  It was under these pressured circumstances that undersigned misunderstood the correct Answer date in this case.

**2.    Upon Defendant's motion, the Court may enlarge the time for Defendant to file his Answer after the time has already expired.**

Federal Rule of Civil Procedure 6(b)(1)(B) provides that a district court may enlarge the time for performing an act after the expiration of a specified period upon motion by a party and a showing of "excusable neglect." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012); *Lorenz v. Wal-Mart Stores, Inc.*, 2006 WL 581215, at 2 (W.D. Tex. Mar. 7, 2006); *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, 2008 WL 898772, at 2 (N.D. Tex. Mar. 31, 2008).

---

[1] *United States v. Jason Daniel Gandy,* 4:12-cr-503.

Excusable neglect encompasses "late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith[.]" *Id.* at 2 (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995)); *see also, Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388 (1993)(construing bankruptcy counterpart of Rule 6(b)(1)(B)).  "Excusable neglect" is an elastic concept that is not limited to omissions caused by circumstances beyond the control of the movant. Whether the movant's neglectful conduct is excusable involves an equitable determination.  *Lorenz* at 2.

In determining whether a party's neglect in missing a deadline for filing is excusable, courts weigh all relevant factors. These factors include the danger of prejudice to the nonmoving party, the length of delay and the delay's potential impact on the judicial proceedings, the reason for the delay, including whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith.  *Id.* at 2.

**3.**    **A weighing of the "Excusable Neglect" factors favor the Court's granting of a 2-day extension for Defendant to file his Answer.**

    a.    <u>Defendant has promptly filed this Motion for Leave.</u>

Earlier today, undersigned visited Defendant in the Federal Detention Center. During the visit, undersigned realized his mistake in miscomputing the date for Defendant's Answer.  Undersigned promptly and without additional delay filed this Motion for Leave.  This circumstance weighs in favor of granting leave to file a late answer.

      b.    <u>There is no danger of prejudice to Plaintiff.</u>

Defendant's answer was due two days ago, on Friday, July 6, 2018.  Today is Sunday, July 8, 2018.  No business days have elapsed since Defendant's Answer was due. This factor weighs in favor of granting leave to file a late Answer.

      c.    <u>The length of the delay is insignificant.</u>

The two-day delay here, occurring over a weekend, is insignificant and weighs in favor of granting leave to file a late Answer.

      d.    <u>The delay has no potential impact on the judicial proceedings.</u>

The delay in this case has no potential impact on the judicial proceedings for the reasons stated in factors (a) through (c), *supra*.  Thus, this factor weighs in favor of granting leave to file a late Answer.

      e.    <u>The reason for the delay, including whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith.</u>

The delay in this case was due to undersigned counsel's misunderstanding of the date of service and undersigned's resulting computation error, and not through any fault of Defendant.  Since Defendant is confined in the Federal Detention Center, he relied solely on undersigned to timely file his Answer, and undersigned's failure to timely file was not reasonably within Defendant's control.  Finally, Defendant and undersigned counsel are acting in good faith, and there would be no strategic purpose for intentionally delaying Defendant's Answer by two days.  Taken as a whole, this factor weighs in favor of granting leave to file a late answer.

**4.      Relief requested.**

Defendant respectfully requests that the Honorable Court grant leave to file Defendant's Answer by today, Sunday, July 8, 2018 (effectively Monday, July 9, 2018 under application of Rule 6(a)(3)).  Defendant furthermore requests a hearing on this Motion if the Court requires further development of the factual basis underlying this Motion.

Respectfully submitted,

/s/ Sean Buckley
Sean Buckley
Texas Bar No. 24006675
770 South Post Oak Lane, Ste. 620
Houston, Texas  77056
TEL:  713-380-1220
FAX:  713-552-0746
Email: buckleyfirm@gmail.com

**CERTIFICATE OF CONFERENCE**

I certify that on this the 8th day of July, 2018, I conferred with Ms. Danielle Joy Healey, counsel for Plaintiff.  Ms. Healey stated that she is UNOPPOSED to this Motion for Leave.

/s/ Sean Buckley
Sean Buckley

## **CERTIFICATE OF SERVICE**

I certify that on this the 8th day of July, 2018, I provided a copy of the foregoing

Motion for Leave to all parties via the ECF system.

/s/ Sean Buckley_____
Sean Buckley