## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **JOSE ALFARO,** | |
| **Plaintiff,** | **Civil Action No. 4:18-cv-01761** |
| **v.** | **(Jury Trial Demanded)** |
| **JASON DANIEL GANDY,** | |
| **Defendant.** | |

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Jose Alfaro hereby files his Motion for Summary Judgment ("Motion") against Defendant Jason Gandy pursuant to Federal Rule of Civil Procedure 56.

### I. INTRODUCTION

Plaintiff Jose Alfaro has brought suit against Defendant for "recruiting, enticing, harboring, and transporting Mr. Alfaro from Navasota to Houston and Austin, Texas, knowing that Mr. Alfaro was under the age of 18 and for the purpose of exploiting Mr. Alfaro…in violation of 18 U.S.C. § 1591(a)." (Compl. ¶ 38.) In a related criminal case, Defendant has been found guilty of the necessary elements to prove Defendant violated 18 U.S.C. § 1591(a), the facts of which establish the elements required for collateral estoppel.

18 U.S.C. § 1591(a) establishes that "(a) whoever knowingly: –

(1) in or affecting interstate or foreign commerce . . . recruits,

entices, harbors, transports, provides, obtains, advertises,

maintains, patronizes, or solicits by any means a person; or

(2) benefits, financially or by receiving anything of value,

from participation in a venture which has engaged in an act

described in violation of paragraph (1), knowing… that the

person has not attained the age of 18 years and will be caused

to engage in a commercial sex act, shall be punished . . . ."

On July 23, 2018, Defendant was found guilty of having "knowingly recruited, enticed, harbored, transported, provided or obtained by any means" Plaintiff, when he was a minor; and having knowingly sex trafficked Plaintiff in a way that "affected interstate commerce." (Ex. 1 at 2; Ex. 2 at 17.)  On December 18, 2018, for this crime amongst others, Defendant was sentenced to 360 months in prison.

Summary judgment is appropriate because the criminal convictions against Defendant establish the necessary facts to prove Defendant's violations of 18 U.S.C. § 1591(a) and are allowable as evidence under collateral estoppel from the federal criminal case.

## II. BACKGROUND

### A. Plaintiff's Basis for Claim

During Plaintiff's junior year of high school, Plaintiff revealed his sexual orientation to his parents, causing the relationship between Plaintiff and his parents to deteriorate. (Compl. at ¶¶ 9-11.)  This deteriorating relationship led to Plaintiff getting in a fight with

2

his father and his father then throwing him out of the house, leaving Plaintiff in need of a place to stay.  (*Id*. at ¶¶ 11-12.)  Concurrently, Plaintiff was communicating with Defendant via the internet and Defendant, upon hearing about Plaintiff's situation, offered him a place to stay.  (*Id*. at ¶ 12.)  At this time, Plaintiff trusted Defendant and took him up on his offer.  (*Id*. at ¶ 13.)  Defendant then picked Plaintiff up in Navasota and drove him to "a friend's apartment" in Houston.  (*Id*. at ¶ 14.)

After arriving in Houston, Defendant told Plaintiff that he was a massage therapist and that he wanted Mr. Alfaro to participate in massage sessions.  (*Id*. at ¶ 15.)  Defendant posted a shirtless picture of Mr. Alfaro on the internet and advertised "massage therapy services."  (*Id*.)  Defendant then had Plaintiff engage in commercial sexual massage sessions with clients in Houston.  (*Id*. at ¶ 16.)  Defendant told Plaintiff to tell clients that he was over 18 years old and that he was in training as a massage therapist.  (*Id*. at ¶ 17.)  Defendant instructed Plaintiff to allow clients to fondle him or give him oral sex.  (*Id*. at ¶ 18.)  Plaintiff was scared, but because he was on his own and homeless, he had no choice but to abide by Defendant's enticements and coercion.  (*Id*. at ¶ 19.)

During one incident, Defendant told Plaintiff that a massage client paid additional money to massage Plaintiff.  (*Id*. at ¶ 23.)  Defendant had Plaintiff undress and lay down on the massage table, and then left Plaintiff alone with the client.  (*Id*.)  The client engaged in anal sex with Plaintiff.  (*Id*.)  When Defendant came back into the room, Plaintiff was traumatized and crying.  Defendant told Plaintiff that it was "no big deal" and that he had "done a good job."  (*Id*.)

3

Plaintiff later found photos on Defendant's laptop depicting child pornography, including photos in which Defendant was a participant with young children.  (*Id*. at ¶ 26.) Upon this discovery, Plaintiff was very scared and managed to contact a friend and disclose the situation.  (*Id*. at ¶ 27.)  Plaintiff arranged for the friend to pick him up from Defendant's residence and left in secret so Defendant would not prevent him leaving.  (*Id*.)

### B. Defendant's Arrest, Criminal Indictment, and Finding of Guilt

On July 21, 2012, Defendant was charged with violation of 18 U.S.C. § 2423(a), related to the trafficking of a 15-year-old male (not the Plaintiff in this matter) to the United Kingdom.  (*See* Ex. 3.)  As part of the investigation, Homeland Security Investigations (HSI) publicized requests for information about additional victims of Defendant.  (Compl. at ¶ 33.)  Plaintiff heard about Defendant's arrest and prosecution from a friend who forwarded him the news story.  (*Id*.)  Plaintiff then conveyed the story of his exploitation at the hands of Defendant to HSI and became a "minor victim" in the case.  (*Id*.)

On July 23, 2018, a jury found Defendant guilty of seven crimes.  (*See* Ex. 1 at 2.) Counts 4-7 were committing sex trafficking of a minor, each with a different Minor Victim. (*See* Ex. 2 at 13-17.)  Count 7 charged Defendant with sex trafficking Minor Victim #4, the Plaintiff in this case.  (*Id*. at 16-17; Ex. 4 at ¶ 2.)  During the sentencing hearing on December 18, 2018, Defendant was sentenced to 360 months in prison for his crimes.  (*See* Ex. 5 at 45.)

### III. STANDARD FOR SUMMARY JUDGMENT

Summary judgment should be granted where "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact will only be considered genuinely disputed "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.

### IV.  <u>ARGUMENT</u>

### A.  <u>Plaintiff was Minor Victim #4 During the Defendant's Criminal Trial and Minor Victim # 1 During the Sentencing Hearing</u>

When Plaintiff was a minor, Plaintiff was sex trafficked by Defendant.  During the criminal trial that found Defendant guilty of that crime, Plaintiff was referred to as Minor Victim #4.  (*See* Ex. 1 at 16-17; Ex. 4 at ¶ 2.)  Comparing the facts presented at trial with those in Plaintiff's Complaint and his declaration shows that Plaintiff was the minor victim referred to as Minor Victim #4 during the trial.  (*See* Ex. 6 at 245-46; Compl. at ¶¶ 3-7; Ex. 4 at ¶ 2.)  As discussed at trial with respect to Minor Victim #4, Plaintiff came out to his parents as gay, got into a fight with them, met Defendant online, was offered help by Defendant, performed erotic massages on behalf of Defendant, and then escaped once he realized he was being used for prostitution.  (*See* Ex. 6 at 245-46; Compl. at 3-7.)

The record from the sentencing hearing refers to Plaintiff as Minor Victim #1, as determined by the arbitrary order that the minor victims presented their statements.  (Ex. 4 at ¶ 3; Ex. 5 at 20-23.)  Plaintiff was a high school kid "kicked out of his home for being gay" and tricked into "us[ing] [his] body in exchange for money."  (Ex. 5 at 21-22.)  These

statements correspond to the facts in both the trial, the Complaint, and Plaintiff's declaration.  (*See* Compl. at 3-7; Ex. 4 at ¶ 3; Ex. 6 at 245-46.)

All of the facts relayed above show that Plaintiff was a minor victim of the criminal actions for which Defendant was found guilty.

**B.  Plaintiff is entitled to Summary Judgment because the criminal convictions against Defendant establish the necessary facts to prove Defendant's violations of 18 U.S.C. § 1591(a).**

"Federal criminal convictions have a collateral estoppel effect in federal civil actions under a four-part test: (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits."  *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 42-43 (2d Cir. 1986); *see also United States v. Podell*, 572 F.2d 31, 35 (2d Cir. 1978) ("It is well-settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case.").  All facts material to the conviction bind the criminal defendant in later civil litigation whether established at plea allocution or at trial.  *SEC v. McCaskey*, No. 98 Civ. 6153 (SWK), 2001 WL 1029053, at *3 (S.D.N.Y. Sept. 6, 2001).

As stated above, 18 U.S.C. § 1591(a) establishes that "(a) whoever knowingly – (1) in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing… that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished . . . ."

In Defendant's criminal case, the jury found that Gandy committed sex trafficking of a minor with each of the "Minor Victims," one of whom was Plaintiff. Counts 4-7 each charged a count of sex trafficking. For Count 7, the charge relating to Plaintiff, the jury instructions that led to the finding of guilt were as follows:

<u>Instructions on Count 7</u>

Count 7 charges Mr. Gandy with sex trafficking of a minor. Federal law makes it a crime or offense for anyone knowingly, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide or obtain a person knowing that the person had not reached the age of 18 and would be caused to engage in a commercial sex act. For you to find Mr. Gandy guilty of this crime, you must be convinced that the government has proved each of the following, beyond a reasonable doubt:

1. First: That Mr. Gandy knowingly recruited, enticed, harbored, transported, provided or obtained by any means Minor Victim #4;

2. Second: That Mr. Gandy committed such act knowing that Minor Victim #4 had not reached the age of 18 years and would be caused to engage in a commercial sex act.

3.  Third: That Mr. Gandy's acts were in or affected interstate or foreign commerce.

(Ex. 2 at 17-18.)

The required findings in the jury instructions correspond to the required elements in 18 U.S.C. § 1591(a).  Moreover, the federal criminal conviction against Defendant has a collateral estoppel effect in this case because: (1) the issues in both proceedings were identical: sex trafficking of a minor using the elements of 18 U.S.C. § 1591(a); (2) the issue in the prior proceeding was litigated and decided with a finding of guilt; (3) there was a full and fair opportunity for litigation in the prior proceeding; and (4) the issue of sex trafficking a minor was litigated and necessary to support a valid and final judgment on the merits.  *See Gelb*, 798 F.2d at 42-43.

These findings were made under the heightened standard in criminal cases of "beyond a reasonable doubt," a higher standard than required in civil cases.  Accordingly, the guilty verdict using the elements of 18 U.S.C. § 1591(a) in a jury trial passes the test for collateral estoppel for federal criminal convictions.

**V. CONCLUSION**

The elements of 18 USC § 1591 were previously litigated in a federal criminal trial, which provide collateral estoppel, show the Defendant's guilt, and reveal that there is no question of material fact left to determine liability.

Dated: February 7, 2019              Respectfully submitted,

By: /s/ Danielle J. Healey
    Danielle Joy Healey
    TX Bar #09327980
    healey@fr.com
    FISH & RICHARDSON P.C.
    1221 McKinney Street
    Suite 2800
    Houston, TX 77010
    Telephone: (713) 654-5300
    Facsimile: (713) 652-0109

    Andrew R. Kopsidas
    (pro hac vice)
    DC Bar #476237
    kopsidas@fr.com
    FISH & RICHARDSON P.C.
    1000 Maine Avenue, S.W.
    Suite 1000
    Washington, DC 20024
    Telephone: (202) 783-5070
    Facsimile: (202) 783-2331

    *Attorneys for Plaintiff Jose Alfaro*

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that the Plaintiff, through his counsel, has conferred with Defendant, most recently by email on Friday, February 1, 2019.

/s/ Danielle J. Healey
Danielle Joy Healey

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail by the Clerk of the Court via the CM/ECF system this 7th day of February, 2019.

/s/ Danielle J. Healey
Danielle Joy Healey