UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE ALFARO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-1761 |
| | § | |
| JASON DANIEL GANDY, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by plaintiff Jose Alfaro. Dkt. 19. Defendant Jason Daniel Gandy has not responded to the motion. Having considered the motion, record evidence, and the applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

This is a civil case seeking damages for emotional and economic losses sustained by Alfaro allegedly as a result of Gandy's violation of federal sex trafficking laws. Dkt. 1. On July 23, 2018, Gandy was found guilty after a jury trial of seven criminal counts, including transporting a minor with intent that the minor engage in criminal sexual activity, producing child pornography, transporting or shipping child pornography, and four counts of sex trafficking a minor. Dkt. 1, Exs. 1–2. Alfaro contends that in 2008 Gandy offered Alfaro, then a minor, a place to stay when Alfaro's parents kicked him out of the house. Dkt. 1. Alfaro allegedly met Gandy at a gas station in Navasota, and Gandy and a friend drove Alfaro to Houston. *Id.* Alfaro contends that Gandy claimed to have a massage business, and he had Alfaro tell clients that he was 18 and engage in "massage" sessions that included sex acts. *Id.* Gandy later moved Alfaro to a residence in Austin

where the commercial sexual massage sessions continued. *Id.* Alfaro eventually contacted a friend who helped him leave Gandy's residence after Alfaro discovered child pornography, including pictures of Gandy with young children, on Gandy's computer. *Id.*

Several years later, Alfaro learned that Gandy had been arrested and was being prosecuted for knowingly transporting a minor to the United Kingdom with the intent that the minor engage in prostitution. *Id.* After hearing this, Alfaro decided to convey his own experience with Gandy to Homeland Security Investigations agents. *Id.* He brought the instant case after Gandy's criminal conviction. *Id.* Alfaro contends that he experienced severe emotional and psychological pain due to Gandy's exploitation and that he continues to suffer post-traumatic stress disorder, anxiety, panic attacks, and depression. *Id.* Additionally, he asserts that since he has disclosed the exploitation to Homeland Security Investigations agents, he has experienced intense feelings of fear, panic, hopelessness, anger, shame, and alienation from others. *Id.*

Alfaro asserts a claim against Gandy under the Trafficking Victims Protection Act of 2000, 18 U.S.C. §§ 1591, 1595. Section 1595 provides a civil remedy and attorneys' fees to victims against perpetrators who violated § 1591. 18 U.S.C. § 1595. Alfaro alleges that by recruiting, enticing, harboring, and transporting Alfaro from Navasota to Houston and Austin and knowing that Alfaro was not 18, Gandy engaged in trafficking under § 1591(a). Alfaro contends that he has sustained emotional damages and economic loss as a direct and proximate result of Gandy's crimes and requests money damages, punitive and exemplary damages, and attorneys' fees and costs. *Id.* Gandy did not file a response to the motion for summary judgment, which is now ripe for disposition.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

Alfaro contends that Gandy's criminal convictions establish the necessary facts to prove he violated 18 U.S.C. § 1591(a). Dkt. 19. The jury in the criminal case found Gandy guilty of Counts 4 through 7, sex trafficking of a minor, which is a violation of 18 U.S.C. § 1591(a). Dkt. 19, Exs. 1, 2. These counts relate to trafficking of Minor Victim 1, 2, 3, and 4. Dkt. 19, Ex. 6 at 42–43. In a declaration filed with the court, Alfaro asserts that he was referred to as Minor Victim 4 during the trial and Minor Victim 1 during sentencing. Dkt. 19, Ex. 4.

"Collateral estoppel precludes litigating an issue if the identical question has been litigated in a prior suit which could not have been decided without its resolution." *United States v. Thomas*, 709 F.2d 968, 971 (5th Cir. 1983). "Because of the existence of a higher standard of proof and greater procedural protection in a criminal prosecution, a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action." *Id.*

3

Under 18 U.S.C. § 1595, a victim of sex trafficking may bring a civil action against the perpetrator so long as it is commenced either (1) ten years after the cause of action arose; or (2) ten years after the victim reaches 18 years of age if the victim was a minor at the time of the offense. 18 U.S.C. § 1595(a), (c). The victim may recover damages and reasonable attorneys' fees. *Id.* Here, the conviction and evidence demonstrating that Alfaro is one of the victims referred to during trial and sentencing is sufficient summary judgment evidence to secure a civil remedy under 18 U.S.C. § 1595(a). As far as the statute of limitations, Alfaro contends in his complaint that he is twenty-seven years old, which would place the complaint within the limitations period. Dkt. 1. Alfaro does not point to any summary judgment evidence relating to the statute of limitations, but Gandy did not raise a statute of limitations defense in his answer as required under Federal Rule of Civil Procedure 8(c), and he has not responded to the motion for summary judgment. Accordingly, the court finds Alfaro has provided the proof needed to demonstrate liability and Gandy has not raised any defense precluding it.

### IV. CONCLUSION

Alfaro's motion for summary judgment (Dkt. 19) is GRANTED as to liability. Alfaro's counsel is instructed to email the court's case manager to arrange a hearing regarding the amount of damages.

Signed at Houston, Texas on March 14, 2019.

_____
Gray H. Miller
Senior United States District Judge