UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE ALFARO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-1761 |
| | § | |
| JASON DANIEL GANDY, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

On April 23, 2019, the court held a hearing on damages in this case. Both parties waived their right to a jury. The plaintiff testified, and the plaintiff's expert testified. The defendant did not contest the amount of damages calculated by the expert. The main issue addressed by the defendant during the hearing was whether restitution ordered in a criminal case against Gandy in which Alfaro is a victim would be deducted from any award in this case.

This civil case was brought pursuant to the Trafficking Victims Protection Act of 2000 ("TVPA"), 18 U.S.C. § 1591, 1595. Dkt. 1. The civil remedy portion of that statute permits plaintiffs to "recover damages and reasonable attorneys fees."[1] 18 U.S.C. § 1595(a). The court finds that the amount of compensatory damages calculated by the expert in this case—$478,803.00—is appropriate and reasonable. The expert did not opine on punitive damages, which are also available under the broad terms of the statute. *See Francisco v. Susano*, 525 F. App'x 828, 833–35 (10th Cir. 2013) (unpublished) ("We thus agree with the only other circuit to address the matter[, the Ninth Circuit,] and hold punitive damages to be available under § 1595."); *Ditullo v. Boehm*, 662 F.3d

---

[1] While the complaint requests attorneys' fees (*see* Dkt. 1), the plaintiff did not present any evidence supporting attorneys' fees.

1091, 1096 (9th Cir. 2011) ("Because the TVPA civil remedy provision creates a cause of action that sounds in tort, we hold that punitive damages are available."); *see also Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 206 (generally stating that the Trafficking Victims Protection Reauthorization Act "authorizes punitive damages," but ultimately concluding that the applicable version of the statute did not apply to the extraterritorial violations alleged in that case). "Perhaps the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct."[2] *BMW of N. Am. v. Gore*, 517 U.S. 559, 575, 116 S. Ct. 1589 (1996). "The purpose of punitive damages is not to compensate the victim but to create a deterrence to the defendant, and to protect the public interest." *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 474 (5th Cir. 1986) (citations omitted). The court finds, in light of the egregious conduct of the defendant in this case as developed by the plaintiff's testimony, that punitive damages in the amount of $957,606 will adequately and appropriately serve this purpose.

The defendant raised the issue of an offset for restitution that has been or will be awarded in the criminal case against the defendant. While the court agrees that an offset may be appropriate if there were a restitution award in that case, the trial court in the criminal case has not yet entered a restitution award. *See United States v. Gandy*, No. 4:12-cr-00503; *see also* 18 U.S.C. § 3664(j)(2) ("Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim."); *cf. Kiwanuka v. Bakilana*,

---

[2] The U.S. Supreme Court has instructed courts to "determine the reprehensibility of a defendant by considering whether: the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had a financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419, 123 S. Ct. 1513 (2003). All of these factors weigh in favor of the imposition of punitive damages in this case.

844 F. Supp. 2d 107, 116 (D.D.C. 2012) ("It is well established that an order of restitution does not bar subsequent civil suits; at most, it may offset any future recovery of compensatory damages for the same loss."). Accordingly, the court need not concern itself at this point with potential restitution in the criminal matter.

In conclusion, the court AWARDS a total of $1,436,409.00 in compensatory and punitive damages and post-judgment interest on that amount in accordance with federal law. If the plaintiff intends to recover attorneys' fees, he shall file an affidavit with supporting evidence within ten (10) days of the date of this order. If the plaintiff does not intend to seek attorneys' fees, he shall notify the court as soon as possible. The court will enter a final judgment as soon a determination is made with regard to fees.

Signed at Houston, Texas on April 24, 2019.

_____
Gray H. Miller
Senior United States District Judge